FRANK H. KNIGHT v. THE STATE.

No. 7060.   Decided June 14, 1922.

**Wife Desertion—Insufficiency of the Evidence.**

Where, upon appeal from a conviction of wife desertion, the evidence did not show the wilful desertion, abandonment, or failure to support the prosecuting witness on the part of appellant, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Bexar. Tried below before the Honorable Nelson Lytle.

Appeal from a conviction of wife desertion; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Bexar County of wife desertion, and his punishment fixed at a fine of $25.

There are no bills of exception in the record, and the case is brought before this court upon the single proposition of the insufficiency of the testimony. But two witnesses testified. Appellant and his wife lived together for a great many years and raised a family. The couple were married in 1879 in Missouri. It appears that for many years appellant was a traveling salesman and that he made sufficient wages to support his family, and there seemed no cause for complaint on the part of his wife. Appellant's father died and left him some property and money. He purchased a small ranch in Brooks County, Texas, and went to live upon it. Life on this ranch did not seem to suit Mrs. Knight, the prosecuting witness. In February, 1915, she went to live with appellant on this ranch but left it in November of said year, since which time she has not lived with appellant anywhere. He has continued to make his residence upon said ranch. She has made her home at various places, being at the time of this prosecution a resident of Bexar County. The money inherited by appellant from his father seems to have been consumed by the living of himself and wife. He owned at the time of this prosecution a piece of rental property in Kansas City, Missouri, in addition to three sections of pasture land in Brooks County, Texas. The uncontroverted testimony shows that the pasture in Brooks County was wholly unproductive, there being upon same one hundred head of cattle of the reasonable market value, as reflected by this record, of $10.00 per head. These cattle were mortgaged for three thousand dollars. There is a debt also to the State of Texas upon said land amounting to about $3,800. The income from the rental property in Kansas City, after deducting commissions and taxes on said property, amounted to a little over fifty dollars per month. The undisputed testimony shows that this is all of the income of appellant, and that from this he was compelled to pay interest on the $3,000 owed upon said cattle and also taxes upon his land and cattle there, and also interest on the debt due to the State of Texas on said land. It is also undisputed that he wrote a number of letters to prosecuting witness trying to induce her to come and make her home with him upon his ranch, asserting his inability to support two establishments, and that she refused to live with him.

In our opinion the facts stated and appearing in the record do not show a wilful desertion, abandonment or failure to support prosecuting witness on the part of appellant. He is a man sixty-five years of

age. Unless it can be shown that the desertion or abandonment or failure to support is wilful, and that the accused is financially able to support his wife, his failure to do so would not make him liable as for a violation of the law. We are also of opinion that the facts tend more strongly to show an abandonment of appellant by his wife than an abandonment of her upon his part.

For the failure of the evidence to sustain the judgment, a reversal is ordered.

*Reversed and remanded.*